Mark E. Merin (State Bar No. 043849)
Paul H. Masuhara (State Bar No. 289805)
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814
Telephone:   (916) 443-6911
Facsimile:   (916) 447-8336
E-Mail:      mark@markmerin.com
             paul@markmerin.com

Attorneys for Plaintiffs
PATRICK MAHONEY, CAROLINE
KENNEDY, SURACHA XIONG,
and BRANDON ALLEN, SR.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| PATRICK MAHONEY, CAROLINE KENNEDY, SURACHA XIONG, and BRANDON ALLEN, SR., on behalf of themselves and a class of similarly situation persons,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, and DOE 1 to 50,<br><br>Defendants. | Case No.<br><br>**CLASS ACTION COMPLAINT FOR VIOLATION OF CIVIL AND CONSTITUTIONAL RIGHTS**<br><br>**DEMAND FOR JURY TRIAL** |

## INTRODUCTION

The number of homeless people attempting to survive, unsheltered, in the City of Sacramento skyrocketed by 85% between 2015 and 2017 and increased an additional 19% in the two years that followed. Vastly undercounted, the number of unsheltered homeless people continued to record levels causing the City Council in January 2020 to declare a shelter crisis suspending provisions of state and local regulatory statutes, regulations, and standards of housing, health or safety which otherwise hinder provision of shelter to homeless persons.

From 2016 to 2017 the number of deaths among the unsheltered homeless population rose by 75% and is four times that of the death rate in the general population.

1

Not surprisingly, without public restrooms available where homeless people survive on and near Sacramento rivers, human waste pollutes our rivers and streams leading to public outcries to our elected leaders to "do something to avert this crisis!"

While politicians fret and pay consultants to plan and advise, but still neither provide shelter or restrooms, a few private citizens have stepped up to place and service port-a-potties where homeless encampments have sprung up. What does the City do? Order the portable toilets removed endangering public health and depriving the homeless people who use the port-a-potties of dignity and the opportunity to dispose of their human waste in sanitary fashion.

This action seeks to enjoin the City and its Police Department from removing or ordering the removal of a single port-a-potty placed in a convenient spot adjacent to a homeless tent encampment on North B Street in Sacramento, a community designated by its occupants "Hopeful Community," until this Court can determine if federal, state, and local law precludes the City from endangering the health and welfare of the populace by removing a port-a-potty which provides the only sanitary way that a community of homeless persons in the immediate area can dispose of their human waste.

## JURISDICTION & VENUE

1. This Court has original jurisdiction of the federal claims asserted herein pursuant to 28 U.S.C. § 1331 (in that they arise under the United States Constitution) and § 1343(a)(3) (in that the action is brought to address deprivations, under color of state authority, of rights, privileges, and immunities secured by the United States Constitution). This Court has supplemental jurisdiction of the state law claims under 28 U.S.C. § 1367.

2. Venue is proper in the United State District Court for the Eastern District of California pursuant to 28 U.S.C. § 1391(b) because Defendants are located in the Eastern District of California and because many of the acts and/or omissions described herein occurred in the Eastern District of California.

3. Intradistrict venue is proper in the Sacramento Division of the Eastern District of California pursuant to E.D. Cal. L.R. 120(d) because the claims asserted herein arise from acts and/or omissions which occurred in the County of Sacramento, California.

## PARTIES

4. Plaintiff PATRICK MAHONEY is a homeless resident of the State of California, County

2

**CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL**
*Mahoney v. City of Sacramento*, United States District Court, Eastern District of California, Case No. _____

of Sacramento, who lives in a tent on North B Street and relies on a port-a-potty placed near his encampment and who would be forced to foul the environment with his waste if the port-a-potty is removed.

5. Plaintiff CAROLINE KENNEDY is a homeless resident of the State of California, County of Sacramento, who lives in her tent on North B Street in the City of Sacramento, who relies on the port-a-potty placed near her encampment for disposal of her bodily waste.

6. Plaintiff SURACHA XIONG is a homeless resident of the State of California, County of Sacramento, who lives in a tent on North B Street and relies on use of the port-a-potty on North B Street for the disposal of his bodily waste.

7. Plaintiff BRANDON ALLEN, SR. is a homeless resident of the State of California, County of Sacramento, who lives in a tent on North B Street and relies on use of the port-a-potty on North B Street for the disposal of his bodily waste.

8. Members of the Class whom representative Plaintiffs seek to represent are approximately thirty (30) homeless persons who live on North B Street and who rely on the port-a-potty for the disposal of their bodily waste and who would be forced to foul the environment with their urine and fecal matter if the port-a-potty, the only restroom facility within a mile of their encampment, is removed.

9. Defendant CITY OF SACRAMENTO is a "public entity" within the definition of Cal. Gov. Code § 811.2.

10. Defendant SACRAMENTO POLICE DEPARTMENT is a "public entity" within the definition of Cal. Gov. Code § 811.2.

11. Defendants DOE 1 to 50 are and/or were agents or employees of Defendants CITY OF SACRAMENTO and/or SACRAMENTO POLICE DEPARTMENT, and acted within the scope of that agency or employment and under color of state law. The true and correct names of Defendants DOE 1 to 50 are not now known and, as a result, they are sued by their fictitious names and true and correct names will be substituted when ascertained.

## GENERAL ALLEGATIONS

12. At all times relevant herein, all wrongful acts described were performed under color of state law and/or in concert with or on behalf of those acting under the color of state law.

3

**CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL**
*Mahoney v. City of Sacramento*, United States District Court, Eastern District of California, Case No. _____

13. Upwards of three thousand unsheltered homeless persons sleep outdoors in the City of Sacramento every night. There are no shelter beds available for this vulnerable population.

14. Homeless people in Sacramento die at a rate four times that of sheltered people in the general population, and the number of homeless people who died rose 75% between 2016 and 2017.

15. E. coli bacteria contaminates Sacramento's rivers and creeks because the absence of accessible public bathroom facilities results in unsheltered homeless people disposing of their waste out of doors in unsanitary ways causing pollution and endangering the health and welfare of the community.

16. In order to assist one organized encampment of unsheltered homeless people living on both sides of North B Street, west of 7th Street, a compassionate private citizen contracted with a company to place, service regularly and maintain a port-a-potty near the encampment.

17. The port-a-potty was placed on January 16, 2020, and the grateful community members, the class of plaintiffs herein, agreed to and did clean and protect the port-a-potty.

18. For nine days members of the Hopeful Community celebrated the presence of the port-a-potty, used it, kept it clean, and felt more human and dignified by the presence and accessibility of the convenience.

19. Then, after nine days, abruptly and without notice, the port-a-potty was removed on orders of the Sacramento City Police and the Hopeful Community was crushed and dejected.

20. Until, the public spirited citizen, this time joined by others, arranged for the replacement of the port-a-potty for the Hopeful Community's use with renewed commitment to do whatever was necessary to protect the right of homeless people to dispose of their waste in a dignified and sanitary fashion.

21. The port-a-potty was replaced on Monday, February 3, 2020, but, unless this Court issues an order temporarily enjoining Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DOE 1 to 50, and their agents and employees from removing or ordering the removal of the port-a-potty, it will be removed consistent with the practice of Defendants to deny homeless people access to bathroom facilities.

22. On information and belief, Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DOE 1 to 50 have a policy and practice of denying homeless people, living

4

**CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL**
*Mahoney v. City of Sacramento*, United States District Court, Eastern District of California, Case No. _____

unsheltered throughout the City, access to sanitary bathroom facilities and preventing private citizens, even at their own expense, from providing port-a-potties for the use of homeless encampments located where no public bathrooms are available. This policy and practice includes removing or ordering removal of port-a-potties which are made available to homeless encampments.

23. Upon information and belief, the purpose and intent of the Defendants' policy of preventing placement and ordering removal of port-a-potties placed for the use of homeless encampments is to make the lives of homeless people even more miserable that it is in the misguided and cynical hope that the homeless people will then just disappear.

24. This policy cannot and will not succeed in accomplishing the disappearance of homeless people, but what it has done and will do is immiserate homeless people while furthering the pollution of the city and surrounding environment as urine and human feces are deposited directly or indirectly in rivers and streams.

## CLASS ACTION ALLEGATIONS

25. Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, and DOE 1 to 50 deprived Plaintiffs PATRICK MAHONEY, CAROLINE KENNEDY, SURACHA XIONG, and BRANDON ALLEN, SR., on behalf of themselves and a class of similarly situation persons, of their civil rights including, but is not limited to: (a) a fundamental right to privacy to eliminate harmful wastes from one's body away from the observation of others; (b) a fundamental right to bodily integrity to eliminate harmful wastes from one's body; (c) a right against state-created danger in the form of affirmative placement in a position of known or obvious danger; and (d) a right against punishment for the involuntary, biologically-compelled, and life-sustaining activity of eliminating harmful wastes from one's body.

26. These violations resulted from policy or custom, a lack of proper training, and/or were ratified by policymaking officials, including Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, and DOE 26 to 50.

27. Plaintiffs PATRICK MAHONEY, CAROLINE KENNEDY, SURACHA XIONG, and BRANDON ALLEN, SR. seek to represent the alleged class of approximately thirty (30) persons who experienced the removal of a port-a-potty convenient to their encampment on North B Street, west of

5

**CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL**
*Mahoney v. City of Sacramento*, United States District Court, Eastern District of California, Case No. _____

North 7th Street in Sacramento, and who fear that the port-a-potty which was replaced on February 3, 2020, will, unless Defendants are temporarily enjoined, be again ordered removed and removed from their encampment.

28. Pursuant to Fed. R. Civ. P. 23(a)(1), on information and belief, the members of the class are so numerous that joinder of all members is impractical, as there are at least thirty (30) class members.

29. Pursuant to Fed. R. Civ. P. 23(a)(2), on information and belief, there are many facts common to the class including, but not limited to, whether Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, and DOE 1 to 50 deprived Plaintiffs of theirs rights and/or had policies or customs permitting or deliberately indifferent to Plaintiffs' rights, including:

   a) a fundamental right to privacy to eliminate harmful wastes from one's body away from the observation of others;
   b) a fundamental right to bodily integrity to eliminate harmful wastes from one's body;
   c) a right against state-created danger in the form of affirmative placement in a position of known or obvious danger; and
   d) a right against punishment for the involuntary, biologically-compelled, and life-sustaining activity of eliminating harmful wastes from one's body

30. Pursuant to Fed. R. Civ. P. 23(a)(2), on information and belief, there are many questions of law common to the class including, but are not limited to, whether Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, and DOE 1 to 400 deprived Plaintiffs of theirs rights and/or had policies or customs permitting or deliberately indifferent to Plaintiffs' rights, including:

   a) Violations of the Fourteenth Amendment of the U.S. Constitution;
   b) Violations of the Eighth Amendment (as incorporated through the Fourteenth Amendment) of the U.S. Constitution;
   c) Violations of article I, § 1 of the California Constitution;
   d) Violations of article I, § 7 (a) of the California Constitution;
   e) Violations of article I, § 17 of the California Constitution; and
   (a) Violations of Cal. Civ. Code § 52.1.

6

**CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL**
*Mahoney v. City of Sacramento*, United States District Court, Eastern District of California, Case No. _____

31. Pursuant to Fed. R. Civ. 23(a)(3), on information and belief, representative Plaintiffs PATRICK MAHONEY, CAROLINE KENNEDY, SURACHA XIONG, and BRANDON ALLEN, SR.'s claims are typical of the class they seek to represent, and share the same interests and suffered the same types of injuries as the putative class members where the alleged claims are based upon the same legal theories.

32. Pursuant to Fed. R. Civ. P. 23(a)(4), representative Plaintiffs PATRICK MAHONEY, CAROLINE KENNEDY, SURACHA XIONG, and BRANDON ALLEN, SR. are prepared fairly and adequately to protect the interests of the class, and their interests are consistent with and not antagonistic to the interests of the class.

33. On information and belief, identities of the members of the class may be ascertained, including potentially from records maintained by Defendants CITY OF SACRAMENTO and SACRAMENTO POLICE DEPARTMENT.

34. Pursuant to Fed. R. Civ. P. 23(b)(1)(A), on information and belief, prosecutions of separate actions by individual members of the class would create a risk that inconsistent or varying adjudications with respect to individual members of the class would establish incompatible standards of conduct for the parties opposing the class.

35. Pursuant to Fed. R. Civ. P. 23(b)(1)(B), on information and belief, prosecutions of separate actions by individual members of the class would create a risk of inconsistent adjudications with respect to individual members of the putative class which would, as a practical matter, substantially impair or impede the interests of the other members of the putative class to protect their interests.

36. Pursuant to Fed. R. Civ. P. 23(b)(2), on information and belief, Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, and DOE 1 to 50 have acted on grounds generally applicable to the class, thereby making appropriate the final injunctive or declaratory relief with respect to the class as a whole.

37. Pursuant to Fed. R. Civ. P. 23(b)(3), on information and belief, the questions of law and fact, as alleged above, are common to class members and predominate over any questions affecting only individual members.

38. Pursuant to Fed. R. Civ. P. 23(b)(3), on information and belief, a class action is superior to

7

**CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL**
*Mahoney v. City of Sacramento*, United States District Court, Eastern District of California, Case No. _____

other available methods for the fair and equitable adjudication of the controversy between the parties.

39. Pursuant to Fed. R. Civ. P. 23(b)(3)(A), on information and belief, the interests of members of the class in individually controlling the prosecution of a separate action is low, where most class members would be unable individually to prosecute any action at all, for example, where the amounts at stake for members of the class may be so small that separate suits would be impracticable, or where most members of the class may not be able to find counsel to represent them.

40. Pursuant to Fed. R. Civ. P. 23(b)(3)(B), on information and belief, there exists no other litigation concerning the controversy that has already begun by or against class members.

41. Pursuant to Fed. R. Civ. P. 23(b)(3)(C), on information and belief, it is desirable to concentrate all litigation in one forum because it will promote judicial efficiency to resolve the common questions of law and fact in one forum, rather than in multiple forums.

42. Pursuant to Fed. R. Civ. P. 23(b)(3)(D), on information and belief, there are not likely to be significant difficulties in managing a class action in this case.

43. Pursuant to Fed. R. Civ. P. 23(c)(2), upon certification under Fed. R. Civ. P. 23(b)(3), Plaintiffs contemplate that individual notice will be given to members of the class at their last-known address by first-class U.S. mail and by posting notices in relevant areas where class members may reside or frequent, informing members of the class to the following: (1) the pendency of the class action and the issues common to the class; (2) the nature of the action; (3) a class member's right to "opt-out" of the action within a given time, in which event the class member will not be bound by a decision rendered in the class action; (4) a class member's right, if the class member does not "opt-out," to be represented by the class member's own counsel and to enter an appearance in the case, otherwise the class member will be represented by representative Plaintiffs and their counsel; and (5) the class member's right, if the class member does not "opt-out," to share in any recovery in favor of the class, and conversely to be bound by any judgment on the common issues adverse to the class.

### EQUITABLE ALLEGATIONS

44. There is an actual controversy concerning whether the crisis of homelessness and the unavailability of shelter in the City of Sacramento, and the need for public restroom facilities and the danger of pollution which arises when numbers of homeless people are forced, for lack of convenient

8

**CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL**
*Mahoney v. City of Sacramento*, United States District Court, Eastern District of California, Case No. _____

restrooms, to urinate and move their bowels in the out-doors, polluting the environment, justifies the placement of port-a-potties in places where homeless people live; or, to the contrary, whether Defendants should be permitted by the execution of Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, and DOE 1 to 50's actions, inactions, policies or customs, to remove and order removal of port-a-potties placed by private citizens to alleviate the dangers resulting from the absence of restrooms available to homeless persons. Plaintiffs PATRICK MAHONEY, CAROLINE KENNEDY, SURACHA XIONG, and BRANDON ALLEN, SR., on behalf of themselves and a class of similarly situation persons, seek a judicial determination of their rights and duties and a declaration as to constitutional obligations and fundamental rights.

45. On information and belief, as a direct consequence of Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, and DOE 1 to 50's past conduct (*e.g.*, removal of the port-a-potty placed on North B Street for the use of the Hopeful Community and threats of removal and confiscation of the port-a-potty placed on February 3, 2020, on North B Street), Plaintiffs have suffered and will continue to suffer violations of their constitutional rights, resulting in irreparable harm.

46. On information and belief, Plaintiffs' constitutional rights have been and will continue to be chilled by Defendants' past conduct and implicitly threatened future conduct.

## FIRST CLAIM

### Right To Privacy

**(U.S. Const., Amend. XIV; 42 U.S.C. § 1983)**

47. This Claim is asserted by Plaintiffs PATRICK MAHONEY, CAROLINE KENNEDY, SURACHA XIONG, and BRANDON ALLEN, SR., on behalf of themselves and a class of similarly situation persons, against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, and DOE 1 to 50.

48. Plaintiffs reallege and incorporate the allegations of the preceding paragraphs 1 to 46, to the extent relevant, as if fully set forth in this Claim.

49. Defendants DOE 1 to 25, acting or purporting to act in the performance of their official duties, deprived Plaintiffs of a fundamental right to privacy to eliminate harmful wastes from one's body

9

**CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL**
*Mahoney v. City of Sacramento*, United States District Court, Eastern District of California, Case No. _____

away from the observation of others, in violation of Plaintiffs rights protected by the Fourteenth Amendment of the U.S. Constitution.

50. Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, and DOE 26 to 50, acting under color of state law and as policy-making authorities, maintained policies or customs of action and inaction resulting in the violation of Plaintiffs rights protected by the Fourteenth Amendment of the U.S. Constitution.

51. As a direct and proximate result of Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, and DOE 1 to 50's actions and inactions, Plaintiffs suffered injuries entitling them to receive equitable relief against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, and DOE 1 to 50.

WHEREFORE, Plaintiffs PATRICK MAHONEY, CAROLINE KENNEDY, SURACHA XIONG, and BRANDON ALLEN, SR., on behalf of themselves and a class of similarly situation persons, pray for relief as hereunder appears.

## SECOND CLAIM

### Right To Bodily Integrity

### (U.S. Const., Amend. XIV; 42 U.S.C. § 1983)

52. This Claim is asserted by Plaintiffs PATRICK MAHONEY, CAROLINE KENNEDY, SURACHA XIONG, and BRANDON ALLEN, SR., on behalf of themselves and a class of similarly situation persons, against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, and DOE 1 to 50.

53. Plaintiffs reallege and incorporate the allegations of the preceding paragraphs 1 to 46, to the extent relevant, as if fully set forth in this Claim.

54. Defendants DOE 1 to 25, acting or purporting to act in the performance of their official duties, deprived Plaintiffs of a fundamental right to bodily integrity to eliminate harmful wastes from one's body, in violation of Plaintiffs rights protected by the Fourteenth Amendment of the U.S. Constitution.

55. Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, and DOE 26 to 50, acting under color of state law and as policy-making authorities, maintained policies or

10

**CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL**
*Mahoney v. City of Sacramento*, United States District Court, Eastern District of California, Case No. _____

customs of action and inaction resulting in the violation of Plaintiffs rights protected by the Fourteenth Amendment of the U.S. Constitution.

56. As a direct and proximate result of Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, and DOE 1 to 50's actions and inactions, Plaintiffs suffered injuries entitling them to receive equitable relief against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, and DOE 1 to 50.

WHEREFORE, Plaintiffs PATRICK MAHONEY, CAROLINE KENNEDY, SURACHA XIONG, and BRANDON ALLEN, SR., on behalf of themselves and a class of similarly situation persons, pray for relief as hereunder appears.

## THIRD CLAIM

### State-Created Danger

### (U.S. Const., Amend. XIV; 42 U.S.C. § 1983)

57. This Claim is asserted by Plaintiffs PATRICK MAHONEY, CAROLINE KENNEDY, SURACHA XIONG, and BRANDON ALLEN, SR., on behalf of themselves and a class of similarly situation persons, against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, and DOE 1 to 50.

58. Plaintiffs reallege and incorporate the allegations of the preceding paragraphs 1 to 46, to the extent relevant, as if fully set forth in this Claim.

59. Defendants DOE 1 to 25, acting or purporting to act in the performance of their official duties, affirmatively placed Plaintiffs in a position of known or obvious danger by depriving Plaintiffs of a fundamental right to privacy to eliminate harmful wastes from one's body away from the observation of others; and a fundamental right to bodily integrity to eliminate harmful wastes from one's body, in violation of Plaintiffs rights protected by the Fourteenth Amendment of the U.S. Constitution.

60. Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, and DOE 26 to 50, acting under color of state law and as policy-making authorities, maintained policies or customs of action and inaction resulting in the violation of Plaintiffs rights protected by the Fourteenth Amendment of the U.S. Constitution.

61. As a direct and proximate result of Defendants CITY OF SACRAMENTO,

11

**CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL**
*Mahoney v. City of Sacramento*, United States District Court, Eastern District of California, Case No. _____

SACRAMENTO POLICE DEPARTMENT, and DOE 1 to 50's actions and inactions, Plaintiffs suffered injuries entitling them to receive equitable relief against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, and DOE 1 to 50.

WHEREFORE, Plaintiffs PATRICK MAHONEY, CAROLINE KENNEDY, SURACHA XIONG, and BRANDON ALLEN, SR., on behalf of themselves and a class of similarly situation persons, pray for relief as hereunder appears.

## FOURTH CLAIM

**Punishment For Involuntary And Life-Sustaining Activity**

**(U.S. Const., Amend. VIII; 42 U.S.C. § 1983)**

62. This Claim is asserted by Plaintiffs PATRICK MAHONEY, CAROLINE KENNEDY, SURACHA XIONG, and BRANDON ALLEN, SR., on behalf of themselves and a class of similarly situation persons, against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, and DOE 1 to 50.

63. Plaintiffs reallege and incorporate the allegations of the preceding paragraphs 1 to 46, to the extent relevant, as if fully set forth in this Claim.

64. Defendants DOE 1 to 25, acting or purporting to act in the performance of their official duties, punished Plaintiffs for the involuntary, biologically-compelled, and life-sustaining activity of eliminating harmful wastes from one's body, in violation of Plaintiffs rights protected by the Eighth Amendment (as incorporated through the Fourteenth Amendment) of the U.S. Constitution.

65. Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, and DOE 26 to 50, acting under color of state law and as policy-making authorities, maintained policies or customs of action and inaction resulting in the violation of Plaintiffs rights protected by the Eighth Amendment (as incorporated through the Fourteenth Amendment) of the U.S. Constitution.

66. As a direct and proximate result of Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, and DOE 1 to 50's actions and inactions, Plaintiffs suffered injuries entitling them to receive equitable relief against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, and DOE 1 to 50.

WHEREFORE, Plaintiffs PATRICK MAHONEY, CAROLINE KENNEDY, SURACHA

**CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL**
*Mahoney v. City of Sacramento*, United States District Court, Eastern District of California, Case No. _____

XIONG, and BRANDON ALLEN, SR., on behalf of themselves and a class of similarly situation persons, pray for relief as hereunder appears.

## FIFTH CLAIM

### Right To Privacy

### (Cal. Const., Art. I, §§ 1, 7(a))

67. This Claim is asserted by Plaintiffs PATRICK MAHONEY, CAROLINE KENNEDY, SURACHA XIONG, and BRANDON ALLEN, SR., on behalf of themselves and a class of similarly situation persons, against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, and DOE 1 to 50.

68. Plaintiffs reallege and incorporate the allegations of the preceding paragraphs 1 to 46, to the extent relevant, as if fully set forth in this Claim.

69. Defendants DOE 1 to 25, acting or purporting to act in the performance of their official duties, deprived Plaintiffs of a fundamental right to privacy to eliminate harmful wastes from one's body away from the observation of others, in violation of Plaintiffs rights protected by article I, sections 1 and 7(a) of the California Constitution.

70. Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, and DOE 26 to 50, acting under color of state law and as policy-making authorities, maintained policies or customs of action and inaction resulting in the violation of Plaintiffs rights protected by article I, sections 1 and 7(a) of the California Constitution.

71. As a direct and proximate result of Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, and DOE 1 to 50's actions and inactions, Plaintiffs suffered injuries entitling them to receive equitable relief against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, and DOE 1 to 50.

WHEREFORE, Plaintiffs PATRICK MAHONEY, CAROLINE KENNEDY, SURACHA XIONG, and BRANDON ALLEN, SR., on behalf of themselves and a class of similarly situation persons, pray for relief as hereunder appears.

\ \ \

\ \ \

13

**CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL**
*Mahoney v. City of Sacramento*, United States District Court, Eastern District of California, Case No. _____

## SIXTH CLAIM

### Right To Bodily Integrity

### (Cal. Const., Art. I, §§ 1, 7(a))

72. This Claim is asserted by Plaintiffs PATRICK MAHONEY, CAROLINE KENNEDY, SURACHA XIONG, and BRANDON ALLEN, SR., on behalf of themselves and a class of similarly situation persons, against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, and DOE 1 to 50.

73. Plaintiffs reallege and incorporate the allegations of the preceding paragraphs 1 to 46, to the extent relevant, as if fully set forth in this Claim.

74. Defendants DOE 1 to 25, acting or purporting to act in the performance of their official duties, deprived Plaintiffs of a fundamental right to bodily integrity to eliminate harmful wastes from one's body, in violation of Plaintiffs rights protected by article I, sections 1 and 7(a) of the California Constitution.

75. Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, and DOE 26 to 50, acting under color of state law and as policy-making authorities, maintained policies or customs of action and inaction resulting in the violation of Plaintiffs rights protected by article I, sections 1 and 7(a) of the California Constitution.

As a direct and proximate result of Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, and DOE 1 to 50's actions and inactions, Plaintiffs suffered injuries entitling them to receive equitable relief against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, and DOE 1 to 50.

WHEREFORE, Plaintiffs PATRICK MAHONEY, CAROLINE KENNEDY, SURACHA XIONG, and BRANDON ALLEN, SR., on behalf of themselves and a class of similarly situation persons, pray for relief as hereunder appears.

## SEVENTH CLAIM

### State-Created Danger

### (Cal. Const., Art. I, §§ 1, 7(a))

76. This Claim is asserted by Plaintiffs PATRICK MAHONEY, CAROLINE KENNEDY,

14

**CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL**
*Mahoney v. City of Sacramento*, United States District Court, Eastern District of California, Case No. _____

SURACHA XIONG, and BRANDON ALLEN, SR., on behalf of themselves and a class of similarly situation persons, against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, and DOE 1 to 50.

77. Plaintiffs reallege and incorporate the allegations of the preceding paragraphs 1 to 46, to the extent relevant, as if fully set forth in this Claim.

78. Defendants DOE 1 to 25, acting or purporting to act in the performance of their official duties, affirmatively placed Plaintiffs in a position of known or obvious danger by depriving Plaintiffs of a fundamental right to privacy to eliminate harmful wastes from one's body away from the observation of others; and a fundamental right to bodily integrity to eliminate harmful wastes from one's body, in violation of Plaintiffs rights protected article I, sections 1 and 7(a) of the California Constitution.

79. Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, and DOE 26 to 50, acting under color of state law and as policy-making authorities, maintained policies or customs of action and inaction resulting in the violation of Plaintiffs rights protected by article I, sections 1 and 7(a) of the California Constitution.

As a direct and proximate result of Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, and DOE 1 to 50's actions and inactions, Plaintiffs suffered injuries entitling them to receive equitable relief against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, and DOE 1 to 50.

WHEREFORE, Plaintiffs PATRICK MAHONEY, CAROLINE KENNEDY, SURACHA XIONG, and BRANDON ALLEN, SR., on behalf of themselves and a class of similarly situation persons, pray for relief as hereunder appears.

## EIGHTH CLAIM

**Punishment For Involuntary And Life-Sustaining Activity**

**(Cal. Const., Art. I, §§ 1, 17)**

80. This Claim is asserted by Plaintiffs PATRICK MAHONEY, CAROLINE KENNEDY, SURACHA XIONG, and BRANDON ALLEN, SR., on behalf of themselves and a class of similarly situation persons, against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, and DOE 1 to 50.

15

**CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL**
*Mahoney v. City of Sacramento*, United States District Court, Eastern District of California, Case No. _____

81. Plaintiffs reallege and incorporate the allegations of the preceding paragraphs 1 to 46, to the extent relevant, as if fully set forth in this Claim.

82. Defendants DOE 1 to 25, acting or purporting to act in the performance of their official duties, punished Plaintiffs for the involuntary, biologically-compelled, and life-sustaining activity of eliminating harmful wastes from one's body, in violation of Plaintiffs rights protected by, in violation of Plaintiffs rights protected by article I, sections 1 and 17 of the California Constitution.

83. Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, and DOE 26 to 50, acting under color of state law and as policy-making authorities, maintained policies or customs of action and inaction resulting in the violation of Plaintiffs rights protected by article I, sections 1 and 17 of the California Constitution.

84. As a direct and proximate result of Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, and DOE 1 to 50's actions and inactions, Plaintiffs suffered injuries entitling them to receive equitable relief against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, and DOE 1 to 50.

WHEREFORE, Plaintiffs PATRICK MAHONEY, CAROLINE KENNEDY, SURACHA XIONG, and BRANDON ALLEN, SR., on behalf of themselves and a class of similarly situation persons, pray for relief as hereunder appears.

## NINTH CLAIM

**Bane Act**

**(Cal. Civ. Code § 52.1)**

85. This Claim is asserted by Plaintiffs PATRICK MAHONEY, CAROLINE KENNEDY, SURACHA XIONG, and BRANDON ALLEN, SR., on behalf of themselves and a class of similarly situation persons, against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, and DOE 1 to 50.

86. Plaintiffs reallege and incorporate the allegations of the preceding paragraphs 1 to 46, to the extent relevant, as if fully set forth in this Claim.

87. Defendants DOE 1 to 25, acting or purporting to act in the performance of their official duties:

16

**CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL**
*Mahoney v. City of Sacramento*, United States District Court, Eastern District of California, Case No. _____

    a.    deprived Plaintiffs of a fundamental right to privacy to eliminate harmful wastes from one's body away from the observation of others, with specific intent (*i.e.*, deliberate indifference or reckless disregard) to Plaintiffs rights protected by the Fourteenth Amendment of the U.S. Constitution and article I, sections 1 and 7(a) of the California Constitution;

    b.    deprived Plaintiffs of a fundamental right to bodily integrity to eliminate harmful wastes from one's body, with specific intent (*i.e.*, deliberate indifference or reckless disregard) to Plaintiffs rights protected by the Fourteenth Amendment of the U.S. Constitution and article I, sections 1 and 7(a) of the California Constitution;

    c.    affirmatively placed Plaintiffs in a position of known or obvious danger by depriving Plaintiffs of a fundamental right to privacy to eliminate harmful wastes from one's body away from the observation of others; and a fundamental right to bodily integrity to eliminate harmful wastes from one's body, with specific intent (*i.e.*, deliberate indifference or reckless disregard) to Plaintiffs rights protected by the Fourteenth Amendment of the U.S. Constitution and article I, sections 1 and 7(a) of the California Constitution; and/or

    d.    Defendants DOE 1 to 25, acting or purporting to act in the performance of their official duties, punished Plaintiffs for the involuntary, biologically-compelled, and life-sustaining activity of eliminating harmful wastes from one's body, with specific intent (*i.e.*, deliberate indifference or reckless disregard) to Plaintiffs rights protected by the Eighth Amendment (as incorporated through the Fourteenth Amendment) of the U.S. Constitution and article I, sections 1 and 17 of the California Constitution.

88.    Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, and DOE 26 to 50, acting under color of state law and as policy-making authorities, maintained policies or customs of action and inaction resulting in the violation of Plaintiffs rights, with specific intent (*i.e.*, deliberate indifference or reckless disregard) to deprive Plaintiffs of their rights protected by the Eighth Amendment and Fourteenth Amendment of the U.S. Constitution and article I, sections 1, 7(a), and 17 of the California Constitution.

89.    As a direct and proximate result of Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, and DOE 1 to 50's actions and inactions, Plaintiffs suffered

17

**CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL**
*Mahoney v. City of Sacramento*, United States District Court, Eastern District of California, Case No. _____

injuries entitling them to receive equitable relief and civil penalties against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, and DOE 1 to 50.

WHEREFORE, Plaintiffs PATRICK MAHONEY, CAROLINE KENNEDY, SURACHA XIONG, and BRANDON ALLEN, SR., on behalf of themselves and a class of similarly situation persons, pray for relief as hereunder appears.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs PATRICK MAHONEY, CAROLINE KENNEDY, SURACHA XIONG, and BRANDON ALLEN, SR., on behalf of themselves and a class of similarly situation persons, seek Judgment as follows:

1. For certification of a class, pursuant to Fed. R. Civ. P. 23;

2. For an award of equitable relief, including restraining order/injunction and declaratory relief, pursuant to Fed. R. Civ. P. 65, 28 U.S.C. § 2201(a), and/or Cal. Civ. Code § 52.1, and any other statute as may be applicable;

3. For an award of civil penalties, pursuant to Cal. Civ. Code § 52.1;

4. For an award of any other available relief, pursuant to any other statute as may be applicable;

5. For an award of reasonable attorneys' fees and costs, pursuant to 42 U.S.C. § 1988, Cal. Civ. Code § 52.1, Cal. Code Civ. Proc. § 1021.5, and any other statute as may be applicable; and

6. For an award of any other further relief, as the Court deems fair, just, and equitable.

Dated: February 4, 2020

Respectfully Submitted,

By: _____
Mark E. Merin
Paul H. Masuhara
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814

Attorneys for Plaintiffs
PATRICK MAHONEY, CAROLINE KENNEDY, SURACHA XIONG, and BRANDON ALLEN, SR.

18

**CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL**
*Mahoney v. City of Sacramento*, United States District Court, Eastern District of California, Case No. _____

## JURY TRIAL DEMAND

A JURY TRIAL IS DEMANDED by Plaintiffs PATRICK MAHONEY, CAROLINE KENNEDY, SURACHA XIONG, and BRANDON ALLEN, SR., on behalf of themselves and a class of similarly situation persons.

Dated: February 4, 2020

Respectfully Submitted,

By: _____
Mark E. Merin
Paul H. Masuhara
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814
Telephone:     (916) 443-6911
Facsimile:      (916) 447-8336

Attorneys for Plaintiffs
PATRICK MAHONEY, CAROLINE
KENNEDY, SURACHA XIONG,
and BRANDON ALLEN, SR.

19

**CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL**
*Mahoney v. City of Sacramento*, United States District Court, Eastern District of California, Case No. _____